UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:22-CR-498-2 |
| Plaintiff, | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | |
| MARIO HOYLE, | **OPINION AND ORDER** |
| Defendant. | |

On April 25, 2024, Defendant Mario Hoyle ("Hoyle") was sentenced to a within-Guidelines range sentence of 46 months of incarceration following his guilty pleas to two controlled substance violations: participating in a conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C), and distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Doc. 333, Judgment.)

On April 14, 2025, Hoyle moved *pro se* for compassionate release and a sentence reduction pursuant to 18 U.S.C. § 3585(c)(2) and Amendment 821 to the United States Sentencing Guidelines. (Doc. 431, Motion for Compassionate Release; Doc. 432, Motion to Reduce Sentence.) On April 16, 2025, the Court appointed the Federal Public Defender's Office pursuant to the Court's Amended General Order 2020-7-3 and General Order 2023-20. (4/16/2025 Non-Document Order.) Hoyle's motion for a sentence reduction was denied. (Doc. 444, Opinion and Order.) The Federal Public Defender's Office supplemented Hoyle's motion for compassionate release. (Doc. 451, Supplement to Motion for Compassionate Release; Doc

451-1 through 451-4, Exhibits.) The government opposed. (Doc. 453.) For the reasons stated herein, Hoyle's Motion for Compassionate Release is DENIED.

I.       BACKGROUND

On August 25, 2022, a federal grand jury returned a 38-count indictment charging Hoyle and others with various controlled substance offenses. (Doc. 1, Indictment.) Hoyle was charged with conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C) (Count 1) and distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 23). *Id*. On January 17, 2024, Hoyle pleaded guilty to both counts pursuant to a plea agreement. (Doc. 274, Plea Agreement.) The agreement limited the parties' sentencing arguments to a within-Guidelines range sentence and foreclosed any arguments for a departure or variance. (*Id*. at 1262.)[1] The government agreed it would not bring any other criminal charges against Hoyle "for violations known to the USAO on the date of the execution of this agreement." (*Id*. at 1261.) Relevant here, Hoyle acknowledged the factual basis set forth in the plea agreement, including two specific sales: approximately 3.9 grams of cocaine base on April 26, 2022, and approximately 2.2 grams of cocaine base on May 18, 2022. (*Id*. at 1267.)

Hoyle filed a sentencing memorandum. (Doc. 308.) In it, he stated he was close with his family, even speaking with his 11 siblings on a daily basis.[2] (*Id*. at 1787; *see also* Doc. 299,

---

[1] Unless otherwise indicated, all internal citations are to the PageID # generated by the CM/ECF system.

[2] Two of Hoyle's siblings were co-defendants in this case and incarcerated at the time of sentencing. (Doc. 299 at 1644.) One of them, Montez Miller, was granted clemency and is now serving a four-year term of supervised release. (*See* Docket in Case No. 1:22-cr-498-1, notation of Executive Grant of Clemency issued on 1/17/25.)

PSR, ¶ 72.)  Prior to his arrest in this case, Hoyle lived with his grandmother.  (PSR, ¶ 73.)  He did not have a plan for where he would live upon his release.  (*Id.*)

At sentencing, the Court determined Hoyle's total offense level was 19.  (Doc. 334, Statement of Reasons.)  His 11 criminal prior convictions, which began at the age of 18 and continued each year until he was 24, resulted in six criminal history points and a Criminal History Category of III.  (*Id.*; PSR, ¶¶ 49-62.)  His prior offenses included assault and two separate drug trafficking offenses.  (PSR, ¶¶ 49, 58-59.)  Hoyle received a 36-month term of incarceration in the first drug trafficking case and a 60-month term of incarceration in the second.  (*Id.*, ¶¶ 58-59.)  The 60-month term was imposed consecutively to the 36-month term, resulting in a combined term of incarceration of 96 months.  (*Id.* ¶ 59.)

On December 3, 2021, Hoyle was placed on post release control.  (*Id.*)  He was 31 years old.  Hoyle was on post release control at the time of these offenses.  (*Id.*, ¶ 61.)  With a total offense level 19 and a Criminal History Category III, the advisory range was 37-46 months.  After considering all of the information before it, the Court analyzed the Section 3553 factors and determined a high-end sentence of 46 months was sufficient but no greater than necessary.[3]

II.     **LAW AND ANALYSIS**

"'Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute.'"  *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)).  Compassionate release is one statutorily authorized exception.  18 U.S.C. § 3582(c)(1)(A).  Under § 3582(c)(1)(A), a district court may reduce a sentence only if

---

[3] Defendant sought a low-end sentence of 37 months.

"the defendant satisfies three requirements: (1) 'extraordinary and compelling reasons warrant such a reduction'; (2) the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission'; and (3) the relevant § 3553(a) factors support the reduction." *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). It is the defendant's burden to demonstrate a reduction is warranted. *See United States v. Gordon,* No. 23-3188, 2024 U.S. App. LEXIS 5227, at *6-7, 2024 WL 1005772 (6th Cir. Mar. 4, 2024). Failure to meet any one of these criteria is a basis on which to deny relief. *United States v. Tomes*, 990 F.3d 500, 502 (6th Cir. 2021).

To be extraordinary and compelling, the presented circumstances must be "most unusual, far from common, and having little or no precedent." *United States v. McCall*, 56 F.4th 1048, 1055 (6th Cir. 2022) (en banc) (quotations and citation omitted). The Sentencing Commission's amended policy statement for compassionate release motions, effective November 1, 2023, identifies "extraordinary and compelling" circumstances, namely (1) a defendant's particular medical circumstances, (2) a defendant's advanced age, (3) certain family circumstances, (4) within-custody physical or sexual abuse, and (5) "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)."[4] U.S.S.G. § 1B1.13(b)(1)-(5). Rehabilitation alone is not an "extraordinary or compelling" reason for compassionate release but may be considered in the Court's Section 3553(a) analysis.

---

[4] Section 1B1.13(b) includes paragraph 6, recognizing a policy statement that unusually long sentences where a change in controlling law results in a "gross disparity" may present an "extraordinary and compelling" circumstance. Paragraph 6 has been declared invalid. *United States v. Bricker*, 135 F.4th 427, 430 (6th Cir. 2025).

*See United States v. Parks*, No. 24-5566, 2025 U.S. App. LEXIS 8525, at *4, 2025 WL 1069308 (6th Cir. Apr. 9, 2025).

With the November 1, 2023 amendments, § 1B1.13 applies to inmate-filed compassionate release motions. *United States v. Harris*, No. 23-5187, 2023 U.S. App. LEXIS 32005, at *4, 2023 WL 10294625 (6th Cir. Dec. 4, 2023).

**A.  Extraordinary and Compelling Reason/Family Circumstances**

Hoyle's *pro se* motion asserts the very argument *Bricker* forecloses, that being that a purported retroactive change resulting in a sentencing disparity is an extraordinary and compelling reason. (Doc. 431; *see also Bricker*, 135 F.th 427.) His supplement, however, presents his grandmother's current medical condition as the extraordinary and compelling reason upon which relief should be granted. (Doc. 451 at 2991-92.)

Early release may be appropriate if a defendant's immediate family member is (1) "incapacitat[ed]" and (2) the defendant is the only available or suitable caregiver. U.S.S.G. § 1B1.13(b)(3). Grandparents are included in the definition of immediate family member. U.S.S.G. § 1B1.13(b)(3)(D).

Demonstrating a qualifying family member's incapacitation requires sufficient information or documentation to establish the family member "is completely disabled, meaning that the [individual] . . . cannot carry on any self-care and is totally confined to a bed or chair." *United States v. Cansler*, No. 4:22-cr-19, 2025 U.S. Dist. LEXIS 218870, at *10, 2025 WL 3110562 (WD. Ky. Nov. 5, 2025) (citing Bureau of Prisons Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4502(g) (2019), at 10.) This Program Statement also recognizes severe cognitive

deficits, like dementia, as qualifying diagnoses for incapacitation.[5] Bureau of Prisons Program Statement No. 5050.50 at 10.  If a defendant establishes the incapacitation of a qualifying family member, he must still "clear a high bar to show [he is] the only available caregiver; other potential caregivers can be significantly burdened and still be available.  *Cansler*, 2025 U.S. Dist. LEXIS 218870, at *9-10 (collecting cases).

Hoyle has not presented documentation of his grandmother's condition.  Nor has he demonstrated that other sources of assistance (assisted living, Medicaid, etc.) are unavailable.  Notwithstanding, the Court credits Hoyle's representation that his grandmother has unfortunately been diagnosed with dementia and now requires full-time care.  (Doc. 451 at 2992.)

The remaining question is whether Hoyle has established he is the sole available caregiver.  The record does not support such a finding.  Hoyle mentions a cousin, a brother, and his father as potential but unavailable caregivers.  (*Id.*)  There is no evidence to support this contention, but an out-sized burden on other potential caregivers does not, without more, establish that Hoyle is the only available caregiver.  *Cansler*, 2025 U.S. Dist. LEXIS 218870, at *11.  Moreover, Hoyle maintains a close relationship with 10 other siblings who live in or near his grandmother's home in Cleveland, Ohio.  (Doc. 308 at 1787; PSR, ¶¶ 72-73.)  "If a family member is named on the record, and there is no evidence that he or she is unavailable, courts may find that family member [or members] to be [] available caregiver[s]."  *Cansler*, 2025 U.S. Dist. LEXIS 218870, at *11-12 (colleting cases).  Because Hoyle has not demonstrated he is his

---

[5] The Program Statement does not mention grandparents, but § 1B1.13(b)(3)(D) expressly includes grandparents as qualifying family members.  The Program Statement defines "incapacitation" of certain others in the section titled "Requests Based on Non-Medical Circumstances – Incapacitation of Spouse or Registered Partner."  Bureau of Prisons Program Statement No. 5050.50 at 6.  The Court applies this definition of incapacitation to grandparents to reconcile § 1B1.13(b)(3)(D)'s inclusion of grandparents as qualifying family members.

grandmother's sole available caregiver, Hoyle has not met his burden of establishing extraordinary and compelling family circumstances.

### B. Section 3553(a) Factors

Even if Hoyle could establish an extraordinary and compelling reason for compassionate release, the Section 3553(a) factors do not support a sentence reduction.  Hoyle asks the Court to consider his young age at the time of his prior offenses, rehabilitation, harsh prison conditions, and time already served.  (Doc. 451 at 2993.)  Taking all of these as true, a sentence reduction is not consistent with the sentencing factors established by Congress.  *See* 18 U.S.C. § 3582(c)(1)(A).[6]

Drug trafficking offenses are "serious offense[s] that, in [themselves], pose[] a danger to the community."  *United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010).  Hoyle sold drugs to a confidential source.  (PSR, ¶ 9.)  He was seen on multiple occasions at the organization's stash house.  (*Id.*, ¶¶ 30-32.)  Conduct that presents a clear danger to others weighs against a sentence reduction.

Hoyle is a repeat offender.  On February 26, 2015, he was sentenced on two separate drug trafficking cases, both of which stemmed from sales of cocaine base to undercover agents with the Drug Enforcement Administration.  (*Id.*, ¶¶ 58-59.)  He was sentenced to a combined term of 96 months (36 months on first case and 60 months on second).  (*Id.*)  While incarcerated he committed 46 rule infractions.  (*Id.*, ¶ 58.)  Hoyle initially completed a halfway house program but absconded in September 2022.  (*Id.*, ¶ 59.)  Hoyle's involvement in this drug trafficking organization began within weeks of being placed on post release control.  Hoyle's 11 prior convictions occurred between the ages of 18 and 24, but he was incarcerated at 24 and

---

[6] The Court incorporates its assessment of the Section 3553(a) factors stated at sentencing.

remained so until he was 31. He then immediately returned to drug trafficking. Hoyle's commitment to inmate programming is commendable, and the circumstances of confinement are undoubtedly challenging. But Hoyle's prompt return to drug trafficking and his demonstrated inability to comply with the terms of release conditions weigh against a sentencing reduction.

The Court carefully considered the Section 3553(a) factors at sentencing. The PSR recognized a basis to depart and vary upward, but the Court declined to do so. (*Id.*, ¶¶ 111, 113 (noting Hoyle's criminal history was underrepresented because of the "intervening arrest" provisions in U.S.S.G. § 4A1.2(a)(2)).) Instead, for the reasons stated, the Court imposed a high-end sentence of 46 months. The information provided in Hoyle's Motion does not alter the Court's overall assessment of the sentencing factors or its conclusion that a sentence of 46-month term of incarceration is sufficient but no greater than necessary to comply with the purposes of sentencing.

### III. CONCLUSION

For the reasons stated herein, Defendant Mario Hoyle's Motion for Compassionate Release is DENIED.

**IT IS SO ORDERED.**

**Date:** December 10, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE